IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ADRIANE BARDERE,**

      **Plaintiff,**

v.                                                                           **3:12-CV-05125-M-BK**

**HUGHES, WATTERS & ASKANASE,
LLP, TRUSTEE, et al.,**

      **Defendants.**

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to *Special Order 3*, this case is referred to the undersigned for pretrial management. Defendants Homeward Residential, Inc. and U.S. Bank National Association filed their *Motion to Dismiss* on December 21, 2012. (Doc. 6). Plaintiff was required to file his response, if he opposed the relief requested, by January 11, 2013, but did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Due to Plaintiff's failure to respond to Defendants' *Motion to Dismiss*, this Court ordered Plaintiff to respond to the motion no later than February 11, 2013, if he was opposed to the dismissal of his case. The undersigned warned Plaintiff that, if he did not respond, he risked dismissal of his case without further notice. (Doc. 13). The February 11 deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendants'

dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, however, the statutes of limitation on Plaintiff's claims of wrongful foreclosure, quiet title, fraud, and violations of the Fair Debt Collection Practices Act and the Securities Act of 1933 do not appear to expire until 2014, at the earliest.[1] (Doc. 1-4 at 1, 2, 5, 7, 11); *see Poag v. Flories*, 317 S.W.3d 820, 825 (Tex.App.–Fort Worth, 2010) (holding that a four-year statute of limitations applies in a quiet title action where it is alleged that the deed is voidable); *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex.App. – Dallas, 2004) (noting four-year statute of limitations for wrongful foreclosure claims); TEX. CIV. PRAC. & REM.CODE § 16.004(a)(4) (noting four-year statute of limitations for fraud claims); 15 U.S.C. § 1692k(d) (establishing a one-year statute of limitations for violations of section 1692 of the Fair Debt Collection Practices Act); 28 U.S.C. § 1658(b) (establishing a two-year statute of limitations for a claim of fraud, deceit, or contrivance in contravention of a securities regulatory requirement ). Thus, dismissal of this case without prejudice will not unfairly affect Plaintiff's

---

[1] Although it is not clear from the parties' pleadings precisely when Plaintiff's claims accrued, it appears from the November 6, 2012 motion seeking a temporary restraining order in the state court that the foreclosure of his home was scheduled to occur in that time frame. (Doc. 1-7 at 1).

legal interests.  Accordingly, the District Court should dismiss this action against Defendants Homeward Residential, Inc. and U.S. Bank National Association  without prejudice for lack of prosecution and for failure to comply with a Court order.

    **SO RECOMMENDED** on March 28, 2013.

                                                              RENÉE HARRIS TOLIVER
                                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                             RENÉE HARRIS TOLIVER
                                                             UNITED STATES MAGISTRATE JUDGE