IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADRIANE BARDERE,

      **Plaintiff,**

v.                                                   Civil No. 3:12-CV-05125-M-BK

**HUGHES, WATTERS & ASKANASE,**
**LLP, TRUSTEE, et al.,**

      **Defendants.**

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Defendant Hughes, Watters & Askanase, LLP, filed their *Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment* on January 7, 2014. (Doc. 6). Plaintiff was required to file her response, if she opposed the relief requested, by January 28, 2013, but did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Due to Plaintiff's failure to respond to Defendant's dismissal motion, this Court ordered Plaintiff to respond to the motion no later than February 18, 2014, if she was opposed to the dismissal of her case. The undersigned warned Plaintiff that, if she did not respond, she risked dismissal of her case without further notice. (Doc. 18). The February 18 deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendant's

dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling her case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the statutes of limitation on Plaintiff's claims of wrongful foreclosure, quiet title, fraud, and violations of the Securities Act of 1933 do not appear to expire until November 2014, at the earliest.[1] (Doc. 1-4 at 1, 2, 5, 6, 11); *see Poag v. Flories*, 317 S.W.3d 820, 825 (Tex.App.–Fort Worth, 2010) (holding that a four-year statute of limitations applies in a quiet title action where it is alleged that the deed is voidable); *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex.App. – Dallas, 2004) (noting four-year statute of limitations for wrongful foreclosure claims); TEX. CIV. PRAC. & REM.CODE § 16.004(a)(4) (noting four-year statute of limitations for fraud claims); 28 U.S.C. § 1658(b) (establishing a two-year statute of limitations for a claim of fraud, deceit, or contrivance in contravention of a securities regulatory requirement ). Thus, dismissal of those claims without prejudice will not unfairly affect Plaintiff's legal interests. Accordingly, the District Court should dismiss those claims against Defendant Hughes, Watters & Askanase, LLP without prejudice for lack of prosecution and for failure to comply with a Court order.

As to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim, the statute of limitations expired during the pendency of this case. *See* 15 U.S.C. § 1692k(d) (establishing a

---

[1] Although it is not clear from the parties' pleadings precisely when Plaintiff's claims accrued, it appears from the November 6, 2012 motion seeking a temporary restraining order in the state court that the foreclosure of his home was scheduled to occur in that time frame. (Doc. 1-7 at 1).

one-year statute of limitations for violations of section 1692 of the FDCPA). Thus, dismissal of this claim without prejudice would have the same effect as a dismissal with prejudice. Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

In this case, Plaintiff has a clear record of purposeful delay. She has ignored three Court orders, namely the Court's *Order for Scheduling Proposals* and two orders directing her to respond to Defendants' dismissal motions. (Docs. 4, 13, 18). Each of these orders warned Plaintiff that her failure to respond could result in dismissal of her case. Plaintiff's case has been pending in this Court for over 15 months, and she has yet to file a single pleading. Altogether, Plaintiff has ignored this lawsuit and the Court's orders. Since Plaintiff is proceeding *pro se*, the delay caused by her refusal to comply with Court orders is attributable to her alone. *See Berry*, 975 F.2d at 1191. In light of Plaintiff's intentional failure to respond to the Court's orders, no lesser sanction will prompt diligent prosecution of this case. Accordingly, the district court

should exercise its discretion to dismiss Plaintiff's FDCPA claim under Rule 41(b) even if limitations may prevent further litigation of that claim.

**SO RECOMMENDED** on February 21, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE